The question here is, who must bear the loss resulting from a theft, and the answer depends on whether title to the goods that were stolen had already passed from seller to buyer. The Alsound Recording Company held certain recording apparatus under a conditional bill of sale which was in default. *Page 299 
The defendant Delmar, who was the conditional vendor, took possession of the chattels and offered them for sale at public auction and complainant Lott bid them in for $2,600. The afternoon of the next day, he came with a truck to remove the apparatus and found a large part missing, stolen in the night probably.
Generally, when property in the goods is transferred to the buyer, the goods are at his risk, whether delivery has been made or not. Uniform Sale of Goods Law, R.S. 46:30-28. "A sale by auction is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner."Section 27. Unless a different intention appears, a postponement of payment or delivery, or both, does not prevent the passing of property to the buyer. Section 25. As I understand the effect of these statutory rules, when the auctioneer knocks down the goods, title and risk immediately pass to the buyer, even though the seller retains possession and refuses to permit the buyer to remove the goods until either he pays the amount of his bid, or gives security satisfactory to the seller. Such prima facie is the effect of the auction sale. But where the special circumstances of the case show that the parties intend that the acceptance of the high bid shall operate only as a contract of sale, then property does not pass until some further step is taken to complete the transaction and meanwhile the goods are at the seller's risk.
While awaiting the hour of sale, Delmar and Lott reached an understanding that, if Lott were the successful bidder, he could have credit for part of the price. Immediately after the sale, they went to the office of Delmar's lawyer, Mr. Levy, where Lott paid $1,500 on account of his bid, and entered into an agreement to give a 60-day note for the balance. "It is further understood by the parties that the said note is to be secured either by a chattel mortgage or conditional bill of sale." The parties then adjourned until the next day, so that the attorney might have time to decide on the form of the security and to draw the papers. Later the same afternoon, the constable who had conducted the sale on behalf of Delmar, executed an ordinary bill of sale to Lott and gave *Page 300 
it to Levy. Next day, as agreed, Lott returned to the lawyer's office and signed a promissory note and chattel mortgage, and was given a letter to the landlord's representative as authority to remove the apparatus. Levy did not deliver the bill of sale to Lott, but kept it as further security for his client.
If title had passed to Lott at the fall of the auctioneer's hammer, then Delmar was not in a position later to give him a conditional bill of sale, and the reference to such an instrument in the agreement which was made at the lawyer's office, negatives the inference that title had passed. Ordinarily, it would have made no difference to the parties whether Lott was the owner, subject to the vendor's lien for the price, or whether his rights were those of one who had agreed to buy. Neither party expected a burglary or they would have taken means to prevent it. When they left it to the vendor's lawyer to determine whether title should pass absolutely or conditionally, they adopted a position which cannot be reconciled with defendant's case. The property in the goods remained in Delmar, or in him and the Alsound Company, until Levy made known to Lott the existence of the bill of sale and that he would hold it as security, and Lott accepted that fact and executed the note and chattel mortgage. Until then, the goods were at Delmar's risk. While there is no direct evidence of the hour when the goods were stolen and passed beyond the control of the parties, I find that the theft took place in the previous night. Lott had a right to treat the sale as avoided. R.S.46:30-13.
Decree for complainant. *Page 301